UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| WILLIAM BURRIS,              | ) |                              |
|    Petitioner,| ) |                              |
|                              | ) |                              |
| v.                           | ) | Civil Action No. 14-10081-LTS |
|                              | ) |                              |
| COMMONWEALTH OF,             | ) |                              |
| MASSACHUSETTS,               | ) |                              |
|    Respondent.| ) |                              |

ORDER OF DISMISSAL

March 26, 2015

SOROKIN, J.

On January 13, 2014, William Burris filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. No. 1. At the time, Burris was in pretrial detention at the Norfolk County Correctional Center in Dedham, Massachusetts. He sought release from custody citing a violation of his right to a speedy trial. In July and October 2014, mail sent by the Court to Burris at the address for the Norfolk County jail was returned to the Court as undeliverable, with further notations stating "unable to forward." Doc. Nos. 11, 16. For reasons not apparent from the docket, service of the petition on the respondent was not ordered until September 30, 2014, Doc. No. 12, and was not effected until December 2014, Doc. Nos. 17-19.[1]

After seeking an extension of time to respond to the petition, the respondent moved for dismissal. Doc. No. 27. According to the respondent, Burris entered a guilty plea in July 2014 which resolved the charges against him that had formed the basis for his pretrial detention. Doc.

---
[1] This matter originally was assigned to another session of this Court, and was reassigned to the undersigned in July 2014. Doc. No. 10.

No. 28 at 2. As a result of his plea, he received a time-served sentence and was released from custody. Id. The respondent confirmed via two other sources that Burris was not in Massachusetts state custody in February 2015 when the motion to dismiss was filed. Id. Therefore, the respondent argues, Burris's challenge to his pretrial detention and his request for release are moot.

Nearly four weeks have passed since the motion to dismiss was filed, and Burris has not opposed or otherwise responded to it. The certificate of service on the motion reflects that the respondent mailed it to the Norfolk County jail, where Burris was last in custody (and the only address Burris has ever supplied to the Court in connection with this action). Doc. No. 27 at 2.

In light of the foregoing, Burris's habeas petition is DISMISSED. If Burris has been released from custody, as the respondent's filing and the returned "undeliverable" mailings suggest, his petition is moot and dismissal is required. If he remains in custody but has not responded to the motion – whether because he received the motion and has elected not to oppose it in a timely fashion, or because he has been transferred to a different location and has not received the motion due to his failure to notify the Court and opposing counsel of his new mailing address – dismissal is warranted for failure to prosecute this action. The Clerk is directed to mail a copy of this Order to the petitioner's last known address, and to close this action.[2]

            SO ORDERED.

               /s/ Leo T. Sorokin     .
               Leo T. Sorokin
               U.S. District Judge

---

[2] Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), and based on the circumstances described above, no certificate of appealability shall issue.